Robert T. Stewart (Nevada Bar No. 13770)
**FOLEY & LARDNER LLP**
95 South State Street, Suite 2500
Salt Lake City, Utah 84111
Tel: (801) 401-8900
Fax: (385) 799-7576
rtstewart@foley.com

Peter Loh (*pro hac vice* forthcoming)
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201
Tel: (214) 999-3000
Fax: (214) 999-4667
ploh@foley.com

*Attorneys for Plaintiff Advanced Solution LLC*

Adam Fulton (Nevada Bar No. 11572)
JENNINGS & FULTON, LTD
2580 Sorrel Street
Las Vegas, NV 89146
Phone: (702) 979-3565
Fax: (702) 362-2060
afulton@jfnvlaw.com

*Designated Nevada counsel only for Plaintiff pursuant to LR IA 11-1(b)(2)*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Advanced Solution LLC, | Case No. |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| New Horizon Medical Solutions, LLC, | |
| Defendant. | |

Plaintiff Advanced Solution LLC complains against Defendant New Horizon Medical Solutions, LLC as follows:

**INTRODUCTION**

1. This is a case about New Horizon's repeated breaches of an agreement to pay Advanced Solutions commissions it rightfully earned selling New Horizon's products and New Horizon's disparagement of Advanced Solution to a third-party.

**PARTIES**

2. Advanced Solution is a Pennsylvania limited liability company located at 1 Hanover Street, Carlisle, Pennsylvania. Advanced Solution operates one of the country's top medical distribution networks offering healthcare logistics and other ancillary services. Advanced Solution entered a Cellular Tissue Product Distributor Agreement with defendant New Horizon (the "Agreement").

3. New Horizon is a Nevada limited liability company located at 8395 W. Sunset Road, Suite 200, Las Vegas, Nevada 89113. New Horizon is a provider of skin substitutes and wound care solutions.

**JURISDICTION AND VENUE**

4. The Court has subject matter diversity jurisdiction under 28 U.S.C. § 1332 because this case is between citizens of different states and the controversy exceeds the sum of $75,000 exclusive of interest or costs.

5. The Court has personal jurisdiction over New Horizon because it is a citizen of the state of Nevada and the jurisdiction provision in the Agreement.

6. Venue is proper in this Court pursuant to the jurisdiction and venue provisions in the Agreement and pursuant to 28 U.S.C. § 1391(b)(2) and the venue provision in the Agreement.

**FACTUAL BACKGROUND**

**The Commission Payments Breach**

7. On December 26, 2024, Advanced Solution and New Horizon signed the Agreement. Under the Agreement, Advanced Solution is a non-exclusive distributor of New Horizon skin substitute products (the "Products") in the territory defined as the United States (the "Territory").

8. The Agreement obligates Advanced Solution to:

Use its best efforts to distribute, sell, market[,] and promote the sale of the Products [and] develop, maintain, and regularly increase sales of the Products within the Territory, to ensure the sales objectives established by [New Horizon] are achieved . . . [Advanced

Solution] agrees to perform its obligations in a professional manner, in accordance with the highest industry standards, and in accordance with the requirements set forth in the Agreement.

9.    In turn, New Horizon must:

Pay a commission to [Advanced Solution] equal to 50% of the total Products revenue generated by [Advanced Solution] and collected by [New Horizon] (the "Commission Payment"). Collected revenue is defined as the total amount received by [New Horizon] from the end customer, net of any refunds, returns, discounts, or other deductions.

****

The Commission Payment shall be made to [Advanced Solution] monthly. [New Horizon] shall calculate and remit the Commission Payment to [Advanced Solution] within 15 days after the end of each prior calendar month, based on the collected revenue for that month.

10.    Since the execution of the Agreement, Advanced Solution has sold the Products in compliance with the Agreement. From on or about January 2025 to November 25, 2025, New Horizon made the Commission Payments per the terms of the Agreement.

11.    However, since December 2025, New Horizon has inexplicably stopped making the Commission Payments despite collecting revenue from Advanced Solution's sales of the Products.

12.    On January 9, 2026, Advanced Solution sent written notice to New Horizon demanding New Horizon comply with the Agreement and make the Commission Payments due and owing. New Horizon did not respond to Advanced Solution's demand for payment.

13.    On February 2, 2026, Advanced Solution against sent a written demand for Commissions due and owing under the Agreement among other things (the "February 2 Demand"). This time, New Horizon notified Advanced Solution in writing it was refusing to make the Commission Payments in breach of the Agreement. New Horizon currently owes Advanced Solution Commission Payments in the amount of at least $2,775,172.16. New Horizon's refusal to make the Commission Payments due and owing to Advanced Solution constitutes the "Commission Payments Breach."

14.    Importantly, Advanced Solution's investigation is ongoing, and the amounts New Horizon currently owes will increase significantly as Advanced Solution uncovers additional amounts New Horizon has failed to pay.

**The False Statement**

15.    Advanced Solution has a separate agreement to distribute skin-substitute products with another supplier (the "Third-Party Supplier"). Advanced Solution's contract with the Third-Party Supplier is the "Third-Party Agreement."

16.    On January 23, 2026, Christine Grogan, a New Horizon Senior Vice President, in two separate phone calls, told an executive of the Third-Party Supplier that Advanced Solution was "selling on the spread."

17.    Selling on the spread is a disfavored industry practice whereby distributors solicit sales by focusing on the difference between a product's acquisition cost and its reimbursable value as a suggestion that physician providers can profit from the amount of the delta. This can result in providers selecting products based on their potential for financial gain as opposed to efficacy or patient need.

18.    Advanced Solution does not sell on the spread and expressly forbids this practice amongst its salespeople.

19.    Ms. Grogan's statement, on behalf of New Horizon, was false and, upon information and belief, intended to harm Advanced Solution (the "False Statement").

20.    During the same phone calls, Ms. Grogan, again on behalf of New Horizon, also suggested that the Third-Party Supplier should terminate the Third-Party Agreement because Advanced Solution engaged in selling on the spread.

21.    Ms. Grogan, on behalf of New Horizon, told the Third-Party Supplier's executive that New Horizon and the Third-Party Supplier should enter into their own distribution agreement.

22.    In the February 2 Demand, Advanced Solution notified New Horizon it was aware of the False Statement and demanded that New Horizon cease such acts immediately.

23.    New Horizon refused Advanced Solution's demand.

## CAUSES OF ACTION

### COUNT ONE

### Breach of Contract

24.    Advanced Solution incorporates by reference the allegations set forth in the preceding

paragraphs as though fully set forth herein.

25. The Agreement is a valid, enforceable contract.

26. Advanced Solution has performed under the terms of the Agreement.

27. New Horizon has committed the Commission Payments Breach.

28. The Commission Payments Breach has damaged Advanced Solution.

## COUNT TWO

### Defamation Per Se

29. Advanced Solution incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

30. The False Statement impugns Advanced Solution's business practices and was an attack on its business reputation and services.

31. The False Statement was an unprivileged publication to a third person.

32. New Horizon made the False Statement with the intent to harm Advanced Solution. Alternatively, New Horizon made the False Statement knowing it was false or with reckless or negligent disregard for the truth.

33. The False Statement has damaged Advanced Solution and, in any event, damages in this instance are presumed.

### <u>PRAYER FOR RELIEF</u>

Wherefore, Plaintiff Advanced Solution LLC prays for relief as follows:

a. That judgment be entered in Advanced Solution's favor and against Defendant New Horizon Medical Solutions, LLC;

b. That Advanced Solution be awarded compensatory damages;

c. That Advanced Solution be awarded fees and costs;

d. That Advanced Solution be awarded punitive damages;

e. That Advanced Solution be awarded pre-judgment and post-judgment interest; and

/ / /

f.    That Advanced Solution be awarded all other and further relief to which Advanced Solution may be entitled at law or equity.

Respectfully submitted,

DATED: March 30, 2026                    **FOLEY & LARDNER LLP**


_/s/ Robert Stewart_
Robert T. Stewart
Peter Loh
_Attorneys for Plaintiff_

JENNINGS & FULTON, LTD
Adam Fulton
_Designated Nevada counsel only for Plaintiff_
_pursuant to LR IA 11-1(b)(2)_