JONATHAN D. BLUM, ESQ.
Nevada Bar No. 9515
**WILEY PETERSEN**
10000 West Charleston Blvd., Ste. 230
Las Vegas, Nevada 89135
Telephone: 702.910.3329
Facsimile: 702.553.3467
jblum@wileypetersenlaw.com

*Attorneys for New Horizon Medical Solutions, LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ADVANCED SOLUTION, LLC, a Pennsylvania Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>NEW HORIZON MEDICAL SOLUTIONS, LLC, a Nevada Limited Liability Company,<br><br>Defendant. | CASE NO.: 2:26-cv-00958-APG-EJY<br><br>**NEW HORIZON MEDICAL SOLUTIONS, LLC'S MOTION FOR PARTIAL DISMISSAL** |

Defendant New Horizon Medical Solutions, LLC ("New Horizon") by and through its counsel of record, Jonathan D. Blum, Esq. of WILEY PETERSEN, hereby files *New Horizon Medical Solutions, LLC's Motion for Partial Dismissal* (the "Motion"). This Motion is made and based upon the following Memorandum of Points and Authorities, all pleadings and papers on file herein, and any oral argument the Court may entertain.

DATED this 21 day of May, 2026.

WILEY PETERSEN

JONATHAN D. BLUM, ESQ.
Nevada Bar No. 9515
10000 West Charleston Blvd., Ste. 230
Las Vegas, Nevada 89135
Telephone: 702.910.3329
Facsimile: 702.553.3467
jblum@wileypetersenlaw.com

*Attorneys for New Horizon Medical Solutions, LLC*

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

The Complaint asserts two causes of action against New Horizon: 1) Breach of Contract; and, 2) Defamation Per Se.  By this Motion for Partial Dismissal ("Motion"), New Horizon seeks to dismiss the Defamation Per Se Claim, only, pursuant to FRCP 12(b)(6).  Concurrently with this Motion, New Horizon files its Answer, responding to the Breach of Contract claim, along with a Counterclaim and Third-Party Claim.

New Horizon is a provider of wound care products and services, based in Las Vegas, Nevada. New Horizon entered a Cellular Tissue Product Distributor Agreement ("Agreement") with Advanced Solution.  While both Parties allege breach of the Agreement, the allegations regarding such breaches are not relevant to the instant Motion.  As set forth below, under Nevada law, Plaintiff's claim for defamation per se fails as a matter of law.  Under Nevada law, the allegations, even if true, do not support defamation per se and at most could implicate business disparagement.  But that claim, even if alleged, would also fail as a matter of law, as set forth below.

### II.    STATEMENT OF FACTS

Plaintiff alleges that it has an agreement with an unidentified third party that, like New Horizon, also supplies skin-substitute products (the "Third Party").  *See* Complaint, ECF No. 1, p. 4, par. 15.  It further alleges that New Horizon's Senior Vice President, Christine Grogan, told an unidentified executive of the Third Party that Advanced Solution was engaging in a "disfavored industry practice." *Id.* at Par. 16.  Plaintiff then denies that it had engaged in such practices and alleges that, "Ms. Grogan's statement, on behalf of New Horizon, was false and, upon information and belief, **intended to harm Advanced Solution**...." *Id.* at Par. 19 (emphasis added).  Plaintiff further alleges, "False Statement has damaged Advanced Solution and, in any event, damages in this instance are presumed." *Id.* at p. 5, Par. 33.

New Horizon denies these allegations, but even if accepted as true, as the Court must do for purposes of this Motion to Dismiss, the defamation claim must be dismissed.  As set forth below, a claim for defamation per se cannot be asserted under these facts as the allegedly defamatory statement was directed at Advanced Solution, as opposed to any particular individual.  Even if Plaintiff had

properly pled its claim as one for business disparagement, the only such available claim, that cause of action fails as a matter of law as Plaintiff has not alleged special damages, a requirement for business disparagement claims. As such, the claim for defamation per se should be dismissed, and leave to amend, if requested, should be denied as any such amendment would be futile.

## III.   <u>LEGAL STANDARD</u>

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). The court should grant a rule 12(b)(6) motion if the complaint does not have "sufficient factual matter . . . to 'state claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[I]n practice, a complaint . . . must contain either direct or inferential allegations **respecting all the material elements necessary to sustain recovery under some viable legal theory**" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562, 127 S. Ct. 1955, 1969 (2007)(internal citations omitted, emphasis added).

A complaint that offers only "labels and conclusions, . . . a formulaic recitation of the elements of a cause of action[,]" or "naked assertion[s]" is not sufficient to survive a motion to dismiss. *Twombly*, 550 U.S. at 555, 557. Although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Id.* Accordingly, Rule 12(b)(6) "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor must a court accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Rather, to avoid dismissal "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, when the claims in a complaint do not cross the line from merely conceivable to plausible, the complaint, or certain of the claims therein, must be dismissed. *Twombly*, 550 U.S. at 570.

3

The district court should typically grant the plaintiff leave to amend the complaint if it can be cured by additional factual allegations. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995). But dismissal without leave to amend may be appropriate if "the pleading could not possibly be cured by the allegation of other facts." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quotation marks and citation omitted). Here, the deficiencies in the defamation per se claim cannot be cured by amendment because the alleged statement was directed at a business entity rather than an individual, and any alternative business disparagement theory would still fail absent adequately pled special damages. Dismissal should be with prejudice and without leave to amend.

## IV. ARGUMENT

### A. Plaintiff Has not Asserted a Viable Claim for Defamation Per Se

A claim for defamation per se requires proof of the following elements.

> '(1) a false and defamatory statement . . . ; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages.' However, if the defamatory communication imputes a 'person's lack of fitness for trade, business, or profession," or tends to injure the plaintiff in his or her business, it is deemed defamation per se and damages are presumed.'
> *Clark Cty. Sch. Dist. v. Virtual Educ. Software, Inc.*, 125 Nev. 374, 385, 213 P.3d 496, 503 (2009)(citations omitted)

As explained by the Nevada Supreme Court in *Virtual Education*, the facts alleged in the Complaint do not support a claim for defamation per se.

> A claim for defamation per se primarily serves to protect the personal reputation of an individual. But where communications concern the goods or services provided by a business entity, a plaintiff generally seeks to redress injury to economic interests. This distinction is the basis for the difference between an action for defamation per se and an action for business disparagement. **Unlike defamation per se, communications constituting business disparagement are not directed at an individual's personal reputation; rather, they are injurious falsehoods that interfere with the plaintiff's business and are aimed at the business's goods or services.** Thus, if a statement accuses an individual of personal misconduct in his or her business or attacks the individual's business reputation, the claim may be one for defamation per se; however, **if the statement is directed towards the quality of the individual's product or services, the claim is one for business disparagement.**
> *Clark Cty. Sch. Dist. v. Virtual Educ. Software, Inc.*, 125 Nev. 374, 385-86, 213 P.3d 496, 504 (2009)(emphasis added, internal citations omitted)

4

The Court went on to note, "Further, VESI did not seek to redress injury to the personal reputation of an individual, it sought compensation for its business's economic losses. Therefore, we conclude that VESI's claim is not one for defamation per se, but more appropriately is one for business disparagement." *Id.* at 386. Plaintiff's allegations are materially indistinguishable from the allegations the Nevada Supreme Court held sounded in business disparagement rather than defamation per se.

The Complaint makes clear that the alleged statement was directed at "Advanced Solution" as opposed to a particular individual. The Complaint states, "On January 23, 2026, Christine Grogan, a New Horizon Senior Vice President, in two separate phone calls, told an executive of the Third-Party Supplier that Advanced Solution was "selling on the spread." *See* Complaint, ECF No. 1, p. 4, par. 16. As such, this is clearly a legally insufficient claim for business disparagement, and the defamation per se claim must be dismissed.

**B.      Any Potential Business Disparagement Claim Nonetheless Fails as a Matter of Law**

While New Horizon denies that it ever made the alleged statement, for purposes of this Motion, in which this Court must accept all factual allegations as true, the allegations do not support a claim for business disparagement, either. The Nevada Supreme Court in *Virtual Education,* in finding that a business disparagement claim would have failed even if the jury had been instructed on that claim instead of defamation per se, explains the distinction between the two claims.

> The elements required to prove a cause of action for business disparagement differ from the elements required to prove classic defamation and, necessarily, defamation per se. To succeed in a claim for business disparagement, the plaintiff must prove: (1) a false and disparaging statement, (2) the unprivileged publication by the defendant, (3) malice, and (4) special damages. **Notably, the principal differences between defamation per se and business disparagement concern the elements of intent and damages.** As opposed to defamation, which merely requires some evidence of fault amounting to at least negligence, business disparagement requires something more, namely, malice. Malice is proven when the plaintiff can show either that the defendant published the disparaging statement with the intent to cause harm to the plaintiff's pecuniary interests, or the defendant published a disparaging remark knowing its falsity or with reckless disregard for its truth.
> *Id.* at 386 (emphasis added, internal citations omitted).

This distinction is critical as the Complaint does not use the word "malice" in its allegations, and does not allege actual damages, but instead relies on presumed damages. The Complaint states, "The

False Statement has damaged Advanced Solution and, in any event, damages in this instance are presumed." *See* Complaint, ECF No. 1, p. 5, par. 33. While defamation per se permits presumed damages, business disparagement requires adequately pled and ultimately proven special damages.

> However, proof of special damages is an essential element of business disparagement. Moreover, in a business disparagement claim, the plaintiff must prove that the defendant's disparaging comments are the proximate cause of the economic loss. Hence, a cause of action for business disparagement requires that the plaintiff set forth evidence proving economic loss that is attributable to the defendant's disparaging remarks. Lastly, if the plaintiff cannot show the loss of specific sales attributable to the disparaging statement, the plaintiff may show evidence of a general decline of business. Nonetheless, the general decline of business must be the result of the disparaging statements and the plaintiff must eliminate other potential causes.
> *Id.* at 386-387. (emphasis added, internal citations omitted)

Plaintiff has failed to allege special damages, and adding conclusory statements of the same in an amended Complaint will not satisfy the pleading standard under *Twombly* and *Iqbal*. Without such allegation, any recast business disparagement theory fails as a matter of law. As such, whether couched as a claim for defamation per se, which cannot be brought against New Horizon under these allegations, or as a claim for business disparagement, Plaintiff has failed to state a claim upon which relief can be granted. Thus, even if the Court construes the allegations as attempting to state a business disparagement claim, the claim fails because Plaintiff pleads no special damages attributable to the alleged statement.

**C.    The Alleged Statements Were Privileged, Negating Liability Under Either Defamation Per Se, or Business Disparagement**

Even if this Court were to determine that the defamation per se claim was viable notwithstanding the fact that the alleged statement was directed at a business rather than an individual, privilege is a defense to both defamation per se and business disparagement claims. The alleged statement, assuming that it was made which New Horizon denies, would have been privileged.

\ \ \

\ \ \

\ \ \

\ \ \

6

> The Nevada courts have recognized, as well, that a qualified or conditional privilege exists where a defamatory statement is made 'in good faith on any subject matter in which the person communicating has an interest, or in reference to which he [or she] has a right or a duty, if it is made to a person with a corresponding interest or duty. *Circus Circus Hotels, Inc. v. Witherspoon,* 99 Nev. 56, 657 P.2d 101, 105 (Nev. 1983).
>
> *Jesinger v. Nev. Fed. Credit Union*, 24 F.3d 1127, 1133 (9th Cir. 1994)

To the extent the Court considers matters properly before it beyond the Complaint, New Horizon also preserves its position that any alleged statement was privileged. As set forth in New Horizon's third-party claim, filed concurrently herewith, its conversations with the Third Party, were with Omeza Holdings Inc. ("Omeza"). All discussions with Omeza Holdings were subject to a Mutual Non-Disclosure Agreement (the "Mutual NDA"). Pursuant to *Jesinger,* even assuming Ms. Grogan made the statements as alleged in the Complaint, they were privileged because they were on a subject on which both New Horizon and Omeza had a business interest. This is bolstered by the fact that New Horizon and Omeza were bound by the Mutual NDA, and disclosure of such conversations were contractually impermissible. As such, the defamation per se claim, or a reconstituted business disparagement claim, both fail as a matter of law.

### D.    Leave to Amend Should Not be Granted

While FRCP 15(a) states that, The court should freely give leave when justice so requires", leave to amend is not appropriate where amendment would be futile. "Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). As set forth above, Plaintiff cannot convert the alleged business-directed statement to individual defamation. Plaintiff has not alleged special damages, and amendment would be futile as to the defamation per se theory because the alleged statement concerns a business entity, not an individual. Moreover, Plaintiff offers no indication that it can plead special damages attributable to the alleged statement. As such, to the extent requested by Plaintiff, leave to amend should not be granted.

\ \ \

\ \ \

7

## V.    CONCLUSION

For the foregoing reasons, New Horizon respectfully requests that the Court grant this Motion, dismiss Plaintiff's defamation per se claim with prejudice, and deny leave to amend.

DATED this 21 day of May, 2026.

WILEY PETERSEN

JONATHAN D. BLUM, ESQ.
Nevada Bar No. 9515
10000 West Charleston Blvd., Ste. 230
Las Vegas, Nevada 89135
Telephone: 702.910.3329
Facsimile: 702.553.3467
jblum@wileypetersenlaw.com

*Attorneys for New Horizon Medical Solutions, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of WILEY PETERSEN, and that on the 21st day of May, 2026, I caused to be served a true and correct copy of **NEW HORIZON MEDICAL SOLUTIONS, LLC'S MOTION FOR PARTIAL DISMISSAL** in following manner:

(ELECTRONIC SERVICE) Pursuant to Rule 5-1 of the Local Rules of Civil Practice of the United States District Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

*/s/ Alexandria Jones*

_____

An Employee of WILEY PETERSEN

9